UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD,<br><br>   Petitioner,<br><br> v.<br><br>K. MENDOZA-POWERS,<br><br>   Respondent. | 1:06-CV-00700 AWI LJO HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

  Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

  Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Joaquin, following his conviction by jury trial on April 3, 1990, of felony murder in the first degree. See Exhibit A, Respondent's Answer (hereinafter "Answer"). Petitioner was sentenced to serve an indeterminate term of twenty-five years to life. Id.

  With this petition, Petitioner does not challenge his underlying conviction and sentence.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

Rather, he challenges a prison disciplinary hearing held on June 11, 2004, in which Petitioner was found guilty of disruptive behavior in violation of California Code of Regulations, title 15, section 3005(a). See Exhibit B, Answer. Petitioner was assessed a thirty (30) day loss of credits. Id.

On March 21, 2005, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. See Exhibit D, Answer. The petition was denied on April 25, 2005. See Exhibit E, Answer. The superior court determined Petitioner's procedural due process rights were satisfied and there was some evidence supporting the finding of guilt. Id. On May 10, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). See Exhibit F, Answer. The petition was summarily denied on May 26, 2005. See Exhibit G, Answer. Petitioner next filed a petition for writ of habeas corpus in the California Supreme Court on June 8, 2005. See Exhibit H, Answer. The petition was summarily denied on April 12, 2006. See Exhibit I, Answer.

On April 28, 2006, Petitioner filed the instant federal habeas petition in the Sacramento Division of the Eastern District of California. By order of the Court dated June 6, 2006, the matter was transferred to the Fresno Division and received in this Court. Petitioner claims he was denied the assistance of an investigative employee. He further claims the evidence was insufficient to support the guilty finding. On September 25, 2006, Respondent filed an answer to the petition. Petitioner filed his traverse on October 13, 2006.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Avenal State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v.

1  Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

2  II.  Standard of Review

3    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
4  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
5  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

6    The AEDPA altered the standard of review that a federal habeas court must apply with
7  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
8  Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be
9  granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved
10 an unreasonable application of, clearly established Federal law, as determined by the Supreme Court
11 of the United States;" or "resulted in a decision that was based on an unreasonable determination of
12 the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d);
13 Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran
14 v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not
15 issue the writ simply because that court concludes in its independent judgment that the relevant state
16 court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct.
17 at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations
18 omitted).

19   The state court's factual determinations must be presumed correct, and the federal court must
20 accept all factual findings made by the state court unless the petitioner can rebut "the presumption of
21 correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S.
22 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th
23 Cir. 1997).

24 III.  Review of Petitioner's Claims

25    A. Failure to State a Cognizable Claim

26   Respondent argues Petitioner fails to present a cognizable claim because his lost time credits
27 were later restored. Respondent's arguments are persuasive. A federal court may only grant a petition
28 for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the

Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In this case, Petitioner's time credits were restored.  Thus, a favorable decision in this matter would have no effect on Petitioner's duration of confinement.  Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

To the extent the disciplinary conviction may have future consequences in Petitioner's consideration for parole, the claim is too speculative to state a claim for relief.  Sandin v. Connor, 515 U.S. 472, 486 (1995).

B.  Due Process Requirements

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Review of the record in this case demonstrates that the CDC provided Petitioner with advance written notice of the disciplinary charges, Petitioner called witnesses and presented documentary evidence in his defense, and he received a written statement by the factfinder of the

evidence relied on and the reasons for the disciplinary action. Petitioner does not dispute this. However, he claims he was denied his request for assistance of an investigative employee. In Wolff, the Supreme Court held that "where an illiterate inmate is involved . . . or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should . . . have adequate substitute aid in the form of help from the staff . . . ." 418 U.S. at 570.

Petitioner's request for an investigative employee was considered and denied by the hearing officer. The officer determined a staff assistant was not needed because Petitioner was literate and spoke English, the issues were not complex, his housing status was not adversely affected, and he had the opportunity to collect and present evidence necessary for an adequate presentation of a defense. See Exhibit B, Answer. In resolving this claim, the superior court determined there was no demonstrated need for an investigator. See Exhibit E, Answer. "The issues are straight-forward and all witnesses to the event are either inmates or employees of the California Department of Corrections accessible to Petitioner. Petitioner did call witnesses at the disciplinary hearing and no witnesses were refused." Id. Therefore, it is clear all due process requirements were met.

Petitioner also claims the evidence was insufficient to support the guilty finding. Petitioner's arguments are without merit. On May 11, 2004, at approximately 7:25 a.m., Correctional Officer B. Livorsi was approached by Petitioner at the steamline during breakfast. See Exhibit B, Answer. Petitioner stated, "I need new potatoes, these are cold!" Id. Livorsi told Petitioner that his potatoes were fine and to return to his table. Id. Petitioner did not return to his table but insisted instead on talking to the cook. Id. Livorsi then told Petitioner to wait by the wall until the cook came by and he could then get his attention. Id. Petitioner remained where he was, blocking Livorsi's view and blocking two inmates who were trying to pick up food trays. Id. Petitioner's voice was loud and attracted the attention of other inmates. Id. Livorsi stated Petitioner continued to disobey her orders and stared at her as if he were trying to intimidate her. Id. Livorsi feared for her safety so she called another officer and ordered Petitioner to assume the search position. Id. Petitioner complied without further incident. Id.

In response to the charges, Petitioner stated: "I was in the chow hall. I told her the potatoes

U.S. District Court
E. D. California                     cd                                           5

were cold. I moved when she told me to move. I was not trying to intimidate her. I asked for the Sergeant. I complained about the food." Id. Inmates were called and provided witness statements. Inmate Hudson stated Petitioner complained about the food. Id. Inmate Fomby stated Petitioner asked about the potatoes and Petitioner was not agitated. Id. Inmate Oneal stated Petitioner showed his food to Livorsi, and he stated he did not know what Livorsi was complaining about. Id. Inmate Reaser stated they were discussing the potatoes. He stated that Livorsi was trying to get Petitioner out of her way. Id. He said Petitioner complained about the food. Id. Correctional Officer Hacker stated he did not hear the conversation. He stated Petitioner looked agitated and it looked like Livorsi needed assistance. Id.

    Based on a preponderance of evidence, the hearing officer found Petitioner guilty of disruptive behavior. He determined that Petitioner failed to follow the reporting employee's instructions, intimidated her, became loud, and attracted the attention of the other inmates. In light of the evidence presented at the hearing, it is clear there was "some evidence" to support the decision.

    The state court decision was not contrary to and did not involve an unreasonable application of clearly established Federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, Petitioner's claims are without merit.

**ORDER**

    Accordingly, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   February 10, 2007**          /s/ Anthony W. Ishii
0m8i78                           UNITED STATES DISTRICT JUDGE