IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONY EUGENE SAFFOLD,**           ) | CV F 06-0700  AWI LJO HC |
|                                                                  ) | |
|                    **Petitioner**,                       ) | ORDER ALLOWING PETITIONER TO APPEAL WITHOUT CERTIFICATE OF APPEALABILITY |
|          v.                                                   ) | |
|                                                                  ) | |
| **K. MENDOZA-POWERS,**                 ) | |
|                                                                  ) | (Document #15) |
|                    **Respondent.**                   ) | |

Petitioner brought this action pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing. On February 12, 2007, the court denied the petition. On February 12, 2007, the Clerk of the Court entered judgment.

On March 5, 2007, Petitioner filed an appeal. As is the Clerk of the Court's custom, the Clerk of the Court did not process the appeal and made a docket entry requesting that the court issue an order regarding a certificate of appealability.

Generally, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    Despite 28 U.S.C. § 2253, a certificate of appealability is not necessary in an action brought under 28 U.S.C. § 2254 if the petition arises out of an administrative process rather than a state conviction.  See Rosas v. Nielsen, 428 F.3d 1229 (9th Cir. 2005); White v. Lambert, 370 F.3d 1002 (9th Cir.2004).  In Rosas v. Nielsen, 428 F .3d 1229, 1231, the Ninth Circuit explained:

> A habeas petitioner must secure a certificate of appealability where 'the detention complained of arises out of process issued by a State court.' 28 U.S.C. § 2253(c)(1)(A). The Ninth Circuit construed this language in White v. Lambert, 370 F.3d 1002 (9th Cir.2004), cert. denied, 543 U.S. 991, 125 S.Ct. 503, 160 L.Ed.2d 379 (2005), to hold that a certificate of appealability 'is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence.' Id. at 1010. Thus, the district court looks at who made 'the detention decision complained of by the state prisoner,' an administrative body or judicial one, in determining whether a certificate of appealability is required.' Id.

Rosas, 428 F.3d at 1231.   In this case, Petitioner challenges the finding of a prison disciplinary officer.   As such, Petitioner does not challenge the orders of the California state courts, but rather Petitioner challenges the decisions of the California Department of Corrections.   Thus, no certificate of appealability is required.

    Accordingly, the court ORDERS that:

        1.     No certificate of appealability SHALL BE ISSUED in this action because

1         one is not required; and

2         2.    The Clerk of the Court is DIRECTED to refer the appeal to the Ninth

3         Circuit.

5 IT IS SO ORDERED.

6 **Dated:**   **April 13, 2007**               **/s/ Anthony W. Ishii**
                                               UNITED STATES DISTRICT JUDGE